OPINION OF THE COURT
Eve Preminger, J.
This is 1 of 2 motions decided by the court today involving plaintiffs who contracted AIDS as a result of blood transfusions given prior to the development in 1985 of a screening test for the AIDS virus. For the reasons stated below the court rejects defendants’ argument that as a matter of law they should be relieved of any liability for the pre-1985 transfusion of contaminated blood.
Plaintiff "John Doe” received a blood transfusion during open heart surgery at NYLJ on January 4, 1984. Plaintiff tested positive for the AIDS (HTLV-III) virus in June 1987. He alleges that he contracted the virus from contaminated blood used in the January 1984 transfusion, and that defendants were negligent in the collection and distribution of such blood.
In support of its motion NYU submits a physician’s affidavit which states that a screening test for the AIDS virus was not developed until April 1985, 14 months after plaintiff’s transfusion. In reliance upon this fact NYU moves for summary judgment dismissing the complaint.
In the early 1980’s, when society’s ostriches were still treating AIDS as a "gay problem”, more responsible members of the medical community were urging a closer look at the disease, particularly the substantial percentage of cases which were transfusion-related. While it is true that a test capable of screening blood for the AIDS virus was not available until early 1985, it had been established by 1982 that there was a risk of transmission by blood transfusions; by 1983 many in the blood bank industry were using safeguards such as surrogate testing (whereby donors were screened for blood abnormalities associated with AIDS) and in-depth interviews aimed at identifying donors who might be in a high risk group (see, US Dept of Health and Human Servs, Report of Second AIDS Prevention and Control Conf [Nov. 1988]; AIDS Figures Mount as Researchers Seek Answers to the Puzzle, Sept. 1983 Am Fam Physician). The plaintiff here is one of many unfortunate individuals across the country who were allegedly exposed to the AIDS virus prior to the development of a blood screening test in 1985. The culpability of blood suppliers for failure to *758 follow recommended procedures and safeguards during this period is an issue which has yet to be resolved, and as recently as July 13,1990 it was the subject of a hearing before the United States House of Representatives Energy Committee, Subcommittee on Blood Supply Safety.
Clearly, the fact that a screening test for AIDS was not available until 1985 does not foreclose this plaintiffs claims of negligence in the 1984 transfusion at issue. At the least, plaintiff is entitled to discovery to ascertain what screening procedures and safeguards, if any, were in place at the NYÜ blood bank in January 1984.
NYU next argues that plaintiffs claim is barred by the 2Vi-year Statute of Limitations applicable to medical malpractice actions. Plaintiffs claim sounds in negligence, not medical malpractice; and because his injury was caused by "the latent effects of exposure to any substance” (CPLR 214-c [2]) the three-year negligence Statute of Limitations began to run upon plaintiffs discovery of his injury in June 1987 (Di Marco v Hudson Val. Blood Servs., 147 AD2d 156; Prego v City of New York, 147 AD2d 165). Accordingly, service of the complaint in April 1990 was timely.
For the foregoing reasons NYU’s motion is denied in its entirety.
Plaintiffs’ cross motion for leave to proceed anonymously and for a sealing order is granted without opposition. Plaintiffs shall serve a copy of this order with notice of entry upon the County Clerk, and the files shall thereupon be sealed with future access to be by leave of the court.